IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD JACKSON,
    Plaintiff,

vs.                                          Case No. 3:13cv174/MCR/CJK

MICHAEL D. CREWS, et al.,
    Defendants.
_____

# REPORT AND RECOMMENDATION

This prisoner civil rights case filed under 42 U.S.C. § 1983, is before the Court upon plaintiff's motions for a temporary preliminary injunction (docs. 2, 5). Because plaintiff fails to meet his burden of persuasion as to each of the requisites for obtaining an injunction, the motions should be denied.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a state prisoner currently confined in close management at Santa Rosa Correctional Institution ("Santa Rosa CI"). Plaintiff's amended complaint names seven defendants, all officials with the Florida Department of Corrections: Secretary Michael Crews, Inspector Sistruck, Santa Rosa CI Warden Comerford, Assistant Warden Johnson, Colonel White, Doctor Rummel and Nurse M. Nichols. (Doc. 8, p. 2). Plaintiff, who is confined to a wheelchair, claims the defendants are violating his rights under the Eighth Amendment by prohibiting him from having his

wheelchair inside his cell.[1] (Doc. 8, pp. 5-7). Plaintiff alleges that without his wheelchair, he is forced to crawl from place to place within his cell, which exposes him to the risk of stroke (because crawling on the floor "spikes plaintiff's blood pressure into stroke range"), dislocating his shoulders and contracting an infection (due to the open sores on plaintiff's legs and feet caused by crawling on the floor). (*Id.*, Statement of Facts ¶¶ 8-9). As relief, plaintiff's amended complaint seeks monetary damages and an unspecified "permanent injunction" which, presumably, would be an injunction requiring the DOC to allow plaintiff to use his wheelchair inside his cell or provide some type of accommodation. (*Id.*, p. 7).

Plaintiff's motions for a temporary preliminary injunction do not seek relief related to plaintiff's wheelchair access, but instead seek "the protection of this Court and place[ment] in the custody of the U.S. Marshel's [sic]." (Doc. 5, p. 3; *see also* Doc. 2, p. 4). Plaintiff alleges in support of his motions that: "The reasons why plaintiff asks for this is because if this court issue's [sic] an order for plaintiff to have his wheelchair in the cell with him defendants will create an excuse to have harm done to plaintiff." (Doc. 5, p. 3).

DISCUSSION

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (*citing United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)). The four factors to be considered in determining whether temporary restraining or preliminary injunctive relief should be granted are whether the movant has established: (1) a substantial likelihood of

---

[1] Plaintiff is allowed to use his wheelchair outside his cell. (Doc. 8).

success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537; *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). This also necessitates that the persons from whom the injunctive relief is sought be parties to the underlying action. *See in re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995).

Plaintiff has not met his burden of persuasion as to all four requisite elements. Plaintiff has not demonstrated that he suffers a substantial threat of irreparable injury if he is not placed in federal custody. "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Sampson v. Murray*, 415 U.S. 61, 88, 94 S. Ct. 937, 952, 39 L. Ed. 2d 166 (1974). To establish the irreparable injury requirement, plaintiff must show that the threat of injury to him

is "neither remote nor speculative, but actual and imminent." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (*quoting Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir.1989)); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical threat of future injury."). Plaintiff has not demonstrated that future injury to him is actual or imminent, as opposed to speculative. In addition, the temporary injunctive relief plaintiff seeks is not closely related to the conduct complained of in plaintiff's amended complaint. *See Lewis v. Casey*, 518 U.S. 343, 357, 116 S. Ct. 2174, 2183, 135 L. Ed. 2d 606 (1996) ("The remed[ial] [injunction] must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established."); *Missouri v. Jenkins*, 515 U.S. 70, 88, 89, 115 S. Ct. 2038, 2049-50, 132 L. Ed. 2d 63 (1995) ("[T]he nature of the [remedial injunctive] is to be determined by the nature and scope of the constitutional violation." (citation and internal quotation marks omitted)).

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's motions for a temporary preliminary injunction (docs. 2, 5) be DENIED.

At Pensacola, Florida, this 13th day of June, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).