UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD JACKSON,

    Plaintiff,

v.                        Case No. 3:13cv174/MCR/CJK

MICHAEL D. CREWS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case filed under 42 U.S.C. § 1983, is before the court upon plaintiff's motion for a temporary injunction. (Doc. 84). Because plaintiff fails to meet his burden of persuasion as to each of the requisites for obtaining the injunctive relief he seeks, his motion should be denied.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections (DOC) currently confined at the Northwest Florida Reception Center (NWFRC). Plaintiff initiated this lawsuit on April 17, 2013, while confined at Santa Rosa Correctional Institution. (Doc. 1). Plaintiff's amended complaint names as defendants DOC Secretary Michael Crews, DOC Inspector Sistruck, and five Santa Rosa CI employees: Warden Comerford, Assistant Warden Johnson, Colonel White, Doctor Rummel and Nurse M. Nichols. (Doc. 8, p. 2). Plaintiff, who is confined to a wheelchair, claims the

defendants violated his rights under the Eighth Amendment when they prohibited him from having his wheelchair inside his cell.[1]  (Doc. 8, pp. 5-7).  Plaintiff alleges that without his wheelchair, he is forced to crawl within his cell, which exposes him to the risk of stroke (because crawling on the floor "spikes plaintiff's blood pressure into stroke range"), dislocating his shoulders and contracting an infection (due to the open sores on plaintiff's legs and feet caused by crawling on the floor).  (*Id*., Statement of Facts ¶¶ 8-9).  As relief, plaintiff's amended complaint seeks monetary damages and an unspecified "permanent injunction" which, presumably, would be an injunction requiring the DOC to allow him to use his wheelchair inside his cell or provide another accommodation.  (*Id*., p. 7).

Plaintiff is a "three-striker" under 28 U.S.C. § 1915(g).  The court provisionally granted plaintiff leave to proceed *in forma pauperis* on June 13, 2013, and directed service of plaintiff's amended complaint.  On September 20, 2013, defendants moved to dismiss this case for, among other things, plaintiff's failure to satisfy § 1915(g)'s "imminent danger of serious physical injury" exception.  (Doc. 29, adopted by Docs. 40, 65, 69).  The undersigned is holding a hearing on February 26, 2014, to determine whether plaintiff's allegations of imminent danger are sufficiently credible.  (*See* Doc. 75).

Plaintiff's present motion for a temporary injunction was filed on January 13, 2014, while plaintiff was confined at NWFRC.  Plaintiff's motion does not seek relief related to plaintiff's wheelchair access, but instead seeks "an order for temporary injunction against defendants, agents of defendants, and the Department of Corrections not to have any contact with plaintiff, that the court remove plaintiff from

---

[1]Plaintiff is allowed to use his wheelchair outside his cell.  (Doc. 8).

the Department of Corrections until the final resolution of this case is completed, and have plaintiff placed somewhere that defendants, agents of defendants, and Department of Corrections have no influence at." (Doc. 84, p. 5). Plaintiff alleges in support of his motion that he was transferred from Santa Rosa CI to Washington CI on December 9, 2013; that when he arrived at Washington CI he was beaten by one Officer Locklear with the explanation that officers at Santa Rosa CI had instructed him beat plaintiff to deter him from pursuing this lawsuit; and that plaintiff was deprived of food for thirty days while confined at Washington CI. (Doc. 84, pp. 2-5). Plaintiff was transferred from Washington CI to NWFRC on or about December 31, 2013 (doc. 80), and has remained confined at NWFRC since that time.

DISCUSSION

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (*citing United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)). The four factors to be considered in determining whether temporary restraining or preliminary injunctive relief should be granted are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv.*

*v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Sampson v. Murray*, 415 U.S. 61, 88, 94 S. Ct. 937, 952, 39 L. Ed. 2d 166 (1974) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537; *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct at issue in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). This also necessitates that the persons from whom the injunctive relief is sought be parties to the underlying action. *See Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995). Plaintiff must show that the threat of injury to him is "neither remote nor speculative, but actual and imminent." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (*quoting Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir.1989)); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical threat of future injury.").

Plaintiff has not met his burden of persuasion as to all four elements. Plaintiff previously sought, and was denied an injunction placing him in federal custody. (*See* Docs. 11, 14). Plaintiff's present motion fails for similar reasons. Plaintiff does not demonstrate that he suffers a substantial threat of irreparable injury if he is not

removed from the Department of Corrections' custody.  Plaintiff is no longer confined at Santa Rosa CI or Washington CI, and was not confined at either of those institutions at the time he filed his motion for temporary injunction.  Plaintiff has not demonstrated that future injury to him is actual or imminent, as opposed to merely speculative.  In addition, the temporary injunctive relief plaintiff seeks is not closely related to the conduct underlying his amended complaint.  *See Lewis v. Casey*, 518 U.S. 343, 357, 116 S. Ct. 2174, 2183, 135 L. Ed. 2d 606 (1996) ("The remed[ial] [injunction] must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established."); *Missouri v. Jenkins*, 515 U.S. 70, 88, 89, 115 S. Ct. 2038, 2049-50, 132 L. Ed. 2d 63 (1995) ("[T]he nature of the [remedial injunctive] is to be determined by the nature and scope of the constitutional violation." (citation and internal quotation marks omitted)).

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's motion for a temporary injunction (doc. 84) be DENIED.

At Pensacola, Florida, this 6th day of February, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:13cv174/MCR/CJK*